```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                                    NOT FOR PUBLICATION
SHELDON DASHAWN JOHN,
                                   Plaintiff,

            -against-                                               **MEMORANDUM AND ORDER**
                                                                    18-CV-5826 (LDH)(SJB)
COMPTROLLER OFFICE OF THE STATE OF
NEW YORK,
                                   Defendant.
----------------------------------------------------------x
```
LaShann DeArcy Hall, United States District Judge:

Plaintiff Sheldon Dashawn John, currently incarcerated at the Brooklyn Detention Complex,[1] brings this *pro se* action pursuant to 42 U.S.C. § 1983.[2] Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the following reasons, Plaintiff's claims are dismissed, with leave to amend within 30 days of this order.

## BACKGROUND[3]

On April 15, 2017, while handcuffed to a pole at Woodhull Hospital, Plaintiff was punched in the left eye by an NYPD police officer. (Compl. at 4, ECF No. 2.) Two days later, Plaintiff was transported to Kings County Hospital for treatment of the injuries he sustained at Woodhull Hospital. (*Id.*) While Plaintiff, who was in handcuffs and leg shackles, was being escorted out of Kings County Hospital after being discharged, another NYPD officer bent his hand back, grabbed his neck and threw him to the floor, after which another NYPD officer punched Plaintiff two times in his right eye. (*Id.*) Plaintiff subsequently received additional medical treatment. (*Id.* at 5.)

---

[1] *See* http://a073-ils-web.nyc.gov/inmatelookup (last visited March 14, 2019).

[2] This action was transferred to this Court from the United States District Court for the Southern District by order dated October 10, 2018.

[3] The following facts are taken from the complaint and assumed to be true unless otherwise indicated.

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## DISCUSSION

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).

Under the Eleventh Amendment to the United States Constitution, states and their agencies are generally immune from suit in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–59 (1996). There are two exceptions to this general rule: (1) an explicit and unequivocal waiver of immunity by a state and (2) a similarly clear abrogation of the immunity by Congress. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not abrogate sovereign immunity under the Eleventh Amendment. *Sandoval v. Dep't of Motor Vehicles State of New York*, 333 F.Supp.2d 40, 43 (E.D.N.Y. 2004). As a state agency, the Office of the New York State Comptroller is therefore immune from § 1983 claims. *Clark v. New York State Office of State Comptroller*, 2014 WL 823289, at *5 (N.D.N.Y. Mar. 3, 2014) (citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594–95 (2d Cir.1990).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), a pro se plaintiff is entitled to assistance from the district court in identifying defendants. Here, Plaintiff has asserted allegations against three NYPD police officers who Plaintiff alleges used excessive force against him. However, none of those three individuals is named as a defendant in this action. In light of the Court's duty to liberally construe Plaintiff's complaint, Plaintiff is granted leave to file an amended complaint within 30 days from the entry of this Order. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff must identify each defendant in both the caption and the body of the amended complaint. If Plaintiff does not know the names of the individual officers, he may file a "John Doe" complaint, provide sufficient facts regarding the incidents to state a claim and to assist in identification of the officers, and seek the court's assistance in obtaining identification of the officers from their employers. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Failure to file an amended complaint with 30 days, as directed by this memorandum and order, will result in Plaintiff's case being dismissed for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
       March 18, 2019

s/ LDH  
LASHANN DEARCY HALL  
United States District Judge