UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELDON DASHAWN JOHN,<br><br>                              Plaintiff,<br><br>                    v.<br><br>TD 30 COP JOHN DOE #1,<br>TD 30 COP JOHN DOE #2,<br>TD 30 COP JOHN DOE #3,<br>TD 30 COP JOHN DOE #4,<br><br>                              Defendants. | NOT FOR PUBLICATION<br><br>**MEMORANDUM AND ORDER**<br><br>18-CV-5826 (LDH) (SJB) |

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Sheldon Dashawn John, proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 in the Southern District of New York on October 4, 2018.  (ECF No. 2.)  This case was transferred to the Eastern District of New York on October 18, 2018.  By Memorandum and Order dated March 18, 2019,[1] the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed the complaint and granted Plaintiff leave to file an amended complaint within 30 days of the date of the order.  (ECF No. 8.)  Plaintiff failed to file an amended complaint and the Court's March 18, 2019 order was subsequently returned as undeliverable. (ECF No. 9.)  On April 25, 2019, the Court granted Plaintiff a 30-day extension to file the amended complaint.  Plaintiff failed to file an amended complaint and by order dated May 28, 2019, the Court dismissed the action for failure to prosecute.

On December 10, 2019, Plaintiff wrote to the Court requesting the status of his case and provided a new address at Franklin Correctional Facility.  (ECF No. 10.)  On January 30, 2020, Plaintiff, filed an amended complaint and on February 3, 2020, Plaintiff moved to re-open this

---

[1] The Court dismissed a separate action filed by Plaintiff as duplicative of this action.  *See John v. TD 30 Cops*, No. 18-CV-5950 (LDH) (SJB) (closed Mar. 12, 2019), *appeal dismissed*, 2d Cir. Mandate (2d Cir. Nov. 26, 2019).

case because he had not received the Court's prior orders.  (ECF No. 11, 12.)  The Court grants Plaintiff's motion and the Clerk of Court is directed to re-open this case.

## BACKGROUND

Plaintiff names four John Doe Police Officers as Defendants.  (Am. Compl., ECF No. 11).  He alleges that on April 15, 2017, around 5 p.m., he was at Woodhull Hospital to get examined for chest pains.  (*Id.* at 2.)  A drunk man who was near Plaintiff in his hospital room punched Plaintiff.  (*Id.*)  In response to the incident, Police Officer John Doe #1, a "very tall, light-skin" uniform cop, stated "what the fuck are you doing" and "punched [Plaintiff] in the left side of his face two time [sic]."  (*Id.*)  Then, on April 17, 2017, around 3 p.m. at Kings County Hospital, Police Officer John Doe #2, a dark brown-skin, tall plainclothes cop, "started to bend [Plaintiff's] hands" and then "punched[ed] [Plaintiff] in the right side eye two time[s]."  (*Id.* at 3.)  Meanwhile, Police Officer John Doe #3, a white, tall plainclothes cop, "pushed [Plaintiff] to the floor" and bent his legs while he was still shackled.  (*Id.*)  Plaintiff identifies Police Officer John Doe #4 as the captain who was working on both April 15 and April 17, 2017.  Plaintiff alleges that due to these incidents, he sustained serious injuries to his face and head, including loss of hearing.  (*Id.* at 2.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id.*  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss.  *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565

(E.D.N.Y. 1999).  Instead, "the court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true."  *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).  This rule is "particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v.*

*Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  Furthermore,  "[i]t is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).  Here, Plaintiff's complaint fails to include allegations that might demonstrate any personal involvement by John Doe #4.  Even if the Court were to infer that as a "captain," John Doe #4 is a supervisor of John Does #1-#3, the allegations are insufficient to sustain a claim.  That is, supervisory personnel may be considered "personally involved" only if they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).  However, even within this framework, there must be direct or indirect allegations "sufficient to permit an inference the [supervisor] had acted or failed to act in any of the ways that would subject him to personal liability."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).  No such allegations are pleaded in the amended complaint.  Accordingly, Plaintiff's amended complaint is dismissed as to John Doe #4 for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  The Clerk of Court shall terminate this defendant from this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to re-open this case is granted and the Clerk of Court is directed to re-open this case.  Plaintiff's amended complaint alleging excessive force shall proceed as to Police Officers John Doe #1-#3 because Plaintiff provides sufficient descriptive information along with the location, date and approximate time of each incident for

4

these John Doe Defendants.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), a *pro se* plaintiff is entitled to assistance from the district court in identifying defendants.  Accordingly, Corporation Counsel for the City of New York shall ascertain the full name of the individuals Plaintiff has identified as Police Officer John Doe #1-#3 and to provide the addresses where these Defendants can currently be served within 45 days from the date of this Order.  Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture.  This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*.  Once this information is provided, Plaintiff's amended complaint shall be deemed amended to reflect the full names and badge numbers of these officers, a summons shall be issued, and the Court shall direct service on these Defendants.

The Clerk of Court shall send a copy of this Order and the amended complaint to the Corporation Counsel, Special Federal Litigation Division.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      May 21, 2020